UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
KAREN JOHN-CEDENO,                                :
                            Plaintiff,       :
                                         :
    -against-                                              :            REPORT AND
                                         :         RECOMMENDATION
                                         :
THE KINGS COUNTY HOSPITAL,            :         22-CV-7959 (RPK)(MMH)
                                         :
                            Defendant.    :
                                         :
----------------------------------------------------------------------x

**MARCIA M. HENRY**, United States Magistrate Judge:

      For the reasons set forth below, the Court respectfully recommends that *pro se* Plaintiff's motion for default judgment at ECF No. 10 should be denied.

      *Pro se* Plaintiff Karen John-Cedeno initiated this action against Defendant The Kings County Hospital on 12/27/2022, alleging medical negligence after she was injured during a spinal procedure at Defendant's neurology clinic. (*See generally* ECF No. 1.) Plaintiff served a copy of the summons and Complaint on Defendant on 02/16/2023 at Defendant's business location in Brooklyn, New York. (ECF No. 5.) Defendant's answer was due 03/09/2023, but Defendant did not answer by that date. Upon Plaintiff's request, the Clerk of Court entered a certificate of default against Defendant on 05/02/2023. (ECF No. 7.) Plaintiff moved for default judgment on 5/30/2023. (ECF No. 10). The Honorable Rachel P. Kovner referred the motion for report and recommendation. (06/02/2023 Order.) On 09/15/2023, the Court scheduled a motion hearing. (*See* Scheduling Order at ECF No. 13.) Defendant appeared in the case on 09/29/2023 (ECF No. 15) and answered the Complaint on 10/17/2023 (ECF No. 16). Also on 10/17/2023, Defendant filed a letter opposing default judgment. (ECF No. 18.) Defendant also stated similar arguments at the motion hearing. (11/02/2023 Minute Entry.)

Courts use a three-factor test to determine whether to grant a default judgment. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993); *Avail 1 LLC v. Latief*, No. 17-CV-5841 (FB)(VMS), 2020 WL 5633869, at *4 (E.D.N.Y. Aug. 14, 2020). Specifically, courts examine "(1) whether the defendant's default was willful; (2) whether the defendant has a meritorious defense to the plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." *Courchevel 1850 LLC v. Rodriguez*, No. 17-CV-6311 (MKB), 2019 WL 2233828, at *3 (E.D.N.Y. May 22, 2019) (citing *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 170–71 (2d Cir. 2001)). In this case, all three factors weigh against default judgment.

As to the first factor, there is no showing of willfulness. As set forth in Defendant's letter, it is unclear whether New York City Health & Human Hospitals Corporation ("NYCHHC"), the municipal agency that owns and operates Defendant, received notice of the lawsuit or of the certificate of default. (*See* ECF No. 18 at 2-3.) After the Court sent its Notice of Hearing to NYCHHC and Defendant at a different service address than listed on the summons, Defendant promptly appeared, answered the Complaint, noticed Plaintiff's deposition, and opposed default judgment by letter and at the motion hearing. This conduct suggests that Defendant was not willful in failing to timely respond to the Complaint, and therefore weighs against default judgment.

Second, "a defense may be meritorious . . . if it is articulated with a degree of specificity which directly relates that defense to the allegations set forth in the plaintiff's pleadings and raises a serious question as to the validity of those allegations." *Brito v. Marina's Bakery Corp.*, No. 19-CV-828 (KAM)(MMH), 2022 WL 875099, at *5 (E.D.N.Y. Mar. 24, 2022). Defendant's answer asserts several viable affirmative defenses, including that this Court lacks personal jurisdiction over Defendant due to improper service and that this Court lacks subject matter jurisdiction over

2

the action; and (3) that Plaintiff failed to comply with the requirements under N.Y. C.P.L.R. § 3517. (Ans., ECF No. 16 at 5.) Defendant further described these defenses at the motion hearing, particularly that service of process was ineffective. (*See* 11/02/2023 Minute Entry.) Thus, this factor also does not support default judgment.

Finally, as to the third factor, *pro se* Plaintiff would not be prejudiced if the motion for default judgment is denied because she may continue pursuing her claims in the litigation.

For the foregoing reasons, the Court respectfully recommends that the motion for default judgment should be **denied**. A copy of this Report and Recommendation is being served on Defendant via ECF. The Clerk of Court is respectfully directed to mail a copy of this Report and Recommendation to *pro se* Plaintiff at the address of record on the docket: 686 Ashford Street, Apt 5, Brooklyn, NY 11207.

Within 14 days of service, any party may serve and file objections to this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Any requests for an extension of time to file objections shall be directed to Judge Kovner. If a party fails to object timely to this Report and Recommendation, it waives any right to further judicial review of this decision. *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022).

**SO ORDERED.**

Brooklyn, New York
November 3, 2023

       /s/Marcia M. Henry
      MARCIA M. HENRY
      United States Magistrate Judge