UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
KAREN JOHN-CEDENO,

                Plaintiff,                      **MEMORANDUM AND ORDER**
                                                              22-CV-7959 (RPK) (MMH)

           v.

THE KINGS COUNTY HOSPITAL and
NEW YORK CITY HEALTH AND HUMAN
HOSPITALS CORPORATION,

                Defendants.
-----------------------------------------------------------x

RACHEL P. KOVNER, United States District Judge:

      *Pro se* plaintiff Karen John-Cedeno brings this action against Kings County Hospital and New York City Health and Human Hospitals Corporation, asserting a negligence claim based on personal injuries she allegedly sustained during treatment at Kings County Hospital. Defendants move to dismiss the action for lack of subject-matter jurisdiction. For the reasons explained below, defendants' motion to dismiss is denied.

## BACKGROUND

      The following facts are taken from plaintiff's complaints and assumed true for the purposes of this order. In August 2022, plaintiff visited the Neurology Clinic of Kings County Hospital, where she was being treated for seizures. Compl. ¶¶ 9–10 (Dkt. #1). Dr. Josephe Honorat, a physician working for the hospital, performed a lumbar puncture procedure on plaintiff. *Id.* ¶ 10. During the procedure, plaintiff "felt the needle used by Dr. Honorat deviate to the right of her spine causing immediate severe and excruciating pain." *Id.* ¶ 11. Dr. Honorat "admitted that she was unable to reach spine because she was hitting bone." *Id.* ¶ 12. Afterward, plaintiff "began experiencing feelings of numbness and tingling" in her back, spine, legs, and toes, *id.* ¶ 13, and "both of her legs have become weakened to the point that she has been unable to walk on her own"

1

and perform daily tasks, *id.* ¶ 14. Plaintiff required a second lumbar puncture procedure, which was performed by a different physician at Kings County Hospital. *Id.* ¶ 15. Despite the success of the second procedure, plaintiff "has had to undergo aggressive rehabilitation in order to walk," *id.* ¶ 16, and she "has been unable to concentrate and essentially continue with her career path, due to . . . mental anxiety," *id.* ¶ 17.

Plaintiff brought this action against Kings County Hospital and New York City Health and Human Hospitals Corporation, asserting a negligence claim and seeking $10 million in damages. *Id.* ¶¶ 20–33. Plaintiff's complaint invokes diversity jurisdiction under 28 U.S.C. § 1332. *Id.* ¶ 3. She alleges that she is citizen of Trinidad and Tobago who is "temporarily domiciled" and "legally domiciled" in the State of New York. *Id.* ¶¶ 1, 6. She states that defendant Kings County Hospital is "located in . . . Brooklyn, New York City" and defendant New York City Health and Human Hospitals Corporation is "a municipal agency that runs New York City's public hospitals." *Id.* ¶ 7.

Defendants have moved to dismiss for lack of subject-matter jurisdiction. They argue that the Court does not have diversity jurisdiction because plaintiff is domiciled in New York. *See* Mot. to Dismiss 3 (Dkt. #23).

In response, plaintiff argues that diversity of citizenship exists because she "is a citizen of Trinidad and Tobago," "holds a Trinidad and Tobago passport," "is liable under the tax authority of Trinidad and Tobago," and because "Trinidad and Tobago is [her] permanent home and domicile." Pl.'s Opp'n 1, 3 (Dkt. #24). She asserts that "while she has a documented US address," she merely holds a visitor's visa to the United States, "which only allows [her] a limited time in any State of the Union [at the] risk [of] deportation." *Id.* at 3. She asserts that she intends to "return to her country of origin." *Ibid.*

2

In addition to filing a brief in opposition to defendants' motion, plaintiff filed an amended complaint, *see* Am. Compl. (Dkt. #25), which qualifies plaintiff's previous statement that she is "legally domiciled" in New York. Specifically, the amended complaint states that plaintiff is "a Trinidad and Tobago citizen temporarily domiciled in the State of New York," and that "at all times preceding this action [plaintiff] is a citizen of the Republic of Trinidad and Tobago and a temporary visitor to the United States." *Id.* at 1, ¶ 4.

In reply, defendants argue that "[p]laintiff cannot change her story at this juncture" to now argue that her stay in New York is only temporary, and that the Brooklyn address plaintiff provided "has been her address for many years," as "reflected in her extensive medical records." Defs.' Reply 2 (Dkt. #26).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) permits a party to move to dismiss a complaint for "lack of subject-matter jurisdiction." To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), a plaintiff must show that the court has "the statutory or constitutional power to adjudicate" the action. *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.A.R.L.*, 790 F.3d 411, 417 (2d Cir. 2015) (citation omitted).

A Rule 12(b)(1) motion can be "facial" or "fact-based." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56–57 (2d Cir. 2016). Facial motions are "based solely on the allegations of the complaint . . . and exhibits attached to it." *Id.* at 56. The plaintiff has no evidentiary burden on such a motion. *Ibid.* Instead, the district court determines whether the complaint alleges "facts that affirmatively and plausibly suggest" that the Court has jurisdiction. *Ibid.* (citation omitted). On the other hand, a Rule 12(b)(1) motion is "fact-based" when the defendant "proffer[s] evidence beyond the Pleading." *Id.* at 57. If the defendant's evidence "reveal[s] the existence of factual

3

problems in the assertion of jurisdiction," then the plaintiff must "come forward with evidence of their own to controvert that presented by the defendant." *Ibid.* (quotation marks and citation omitted); *see City of New York v. Fleet Gen. Ins. Grp.*, No. 22-2867-CV, 2024 WL 3517856, at *2 (2d Cir. July 24, 2024) ("When a defendant challenges the jurisdictional facts supporting a federal court's subject-matter jurisdiction, it is incumbent upon the party seeking to invoke the court's jurisdiction to present 'competent proof' that jurisdiction existed at the time the complaint was filed." (quoting *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936))). "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005).

When a plaintiff proceeds *pro se*, her complaint must be "liberally construed," and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). *Pro se* status, however, "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (citation omitted).

## DISCUSSION

Defendants' motion to dismiss is denied. Plaintiff has adequately pleaded diversity jurisdiction by alleging that she is a citizen of Trinidad and Tobago and in the United States on a temporary visa. While the parties join issue over where plaintiff is domiciled, domicile does not determine whether diversity jurisdiction is proper in a case involving a foreign citizen without U.S. permanent resident status.

As a preliminary matter, I construe plaintiff's amended complaint as a motion to amend, grant the motion, and assess the motion to dismiss against the facts set out in the amended

4

complaint. When a plaintiff amends her "complaint while a motion to dismiss is pending, a court 'has a variety of ways in which it may deal with the pending motion to dismiss, from denying the motion as moot to considering the merits of the motion in light of the amended complaint.'" *Haag v. MVP Health Care*, 866 F. Supp. 2d 137, 140 (N.D.N.Y. 2012) (quoting *Roller Bearing Co. of Am. v. Am. Software, Inc.*, 570 F. Supp. 2d 376, 384 (D. Conn. 2008)). Here, I opt for the latter course, because defendants have "had a full opportunity to respond to" plaintiff's amended complaint, "plaintiff does not seek to add new defendants, and the claims remain essentially the same between the two complaints." *Williams-Moore v. Quick Int'l Courier, LLC*, No. 22-CV-3592 (RPK) (RML), 2023 WL 6292540, at *3 (E.D.N.Y. Sept. 26, 2023) (alterations adopted, quotation marks and citation omitted).

Defendants' motion to dismiss is denied because plaintiff's complaints adequately plead diversity jurisdiction. Because defendants do not proffer evidence of their own but rather move to dismiss "based solely" on the pleadings, the Court must determine whether the pleadings allege "facts that affirmatively and plausibly" support a finding of jurisdiction. *Carter*, 822 F.3d at 56–57 (citation omitted); *see, e.g.*, *Oved v. Weiner*, No. 17-CV-1348 (DRH) (GRB), 2017 WL 6542468, at *5 (E.D.N.Y. Dec. 21, 2017). A court has diversity jurisdiction when the amount in controversy "exceeds the sum or value of $75,000," and complete diversity of citizenship exists between all plaintiffs and all defendants. 28 U.S.C. § 1332(a); *E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins.*, 160 F.3d 925, 930 (2d Cir. 1998). Diversity exists between "citizens of a [U.S.] State and citizens or subjects of a foreign state," *unless* the foreign citizen is "lawfully admitted for permanent residence in the United States and . . . domiciled in the same State" as the U.S. citizen. 28 U.S.C. § 1332(a)(2); *see Windward Bora LLC v. Browne*, 110 F.4th 120, 127 (2d Cir. 2024) (explaining that the limiting clause in 28 U.S.C. § 1332(a)(2) "prevent[s] diversity jurisdiction in

cases between a U.S. citizen and a permanent resident domiciled in the same state," even though the permanent resident remains a "citizen or subject of a foreign state" (alterations adopted and citation omitted)). The limiting clause in § 1332(a)(2) "affects only the status of those aliens with 'green cards'—admitted to the United States for permanent residence," whereas "aliens present in this country on any lesser status will still be considered aliens, able to invoke alienage jurisdiction against a citizen of a state." *Ming Li v. Colonial BT, LLC*, No. 14-CV-999 (CSH), 2014 WL 3579469, at *3 (D. Conn. July 21, 2014) (quoting 1 James W. Moore, Moore's Federal Practice ¶ 0.75 [1.–5], at 800.56 (1991)) (alterations adopted).

Plaintiff's pleadings properly invoke diversity jurisdiction under these principles. There is no dispute that the amount in controversy in this case exceeds $75,000, or that the defendant corporations qualify as citizens of New York. Moreover, the original and amended complaints aver that plaintiff is a citizen of the Republic of Trinidad and Tobago. *See* Compl. ¶¶ 1, 6; Am. Compl. 1, ¶ 4. And both complaints represent that plaintiff is a "temporary visitor to the United States." Am. Compl. ¶ 4; *accord* Compl. ¶ 1. Plaintiff's opposition brief further clarifies that plaintiff "holds a visitor[']s visa to the United States which only allows [her] a limited time in any State of the Union or risk deportation." Pl.'s Opp'n 3. While defendants dispute the extent and purpose of plaintiff's stay in the United States, they do not question—and indeed appear to accept—plaintiff's representations regarding her Trinidad and Tobago citizenship and her official immigration status in the United States. *See* Defs.' Reply 2–3 (arguing that "the plaintiff holding a visitor's visa to the United States does not negate her intent to remain in [New York]" or demonstrate "an intent to return to her native country"). Plaintiff's status as a foreign citizen who is in the United States on a visitor's visa, rather than a green card, is sufficient to establish diversity.

6

Defendants dispute plaintiff's invocation of diversity jurisdiction by arguing that plaintiff is legally domiciled in the United States, *see, e.g.*, Defs.' Reply 2, but that concept is not relevant to diversity jurisdiction in a lawsuit involving a foreign citizen who has not received permanent residency status. It is "a basic principle of alienage jurisdiction [that] 'if an alien is a citizen of a foreign state, the fact that the person may be a resident of the United States is irrelevant unless the alien has received permanent residency status under the United States immigration law.'" *Tevdorachvili v. Chase Manhattan Bank*, 103 F. Supp. 2d 632, 637 (E.D.N.Y. 2000) (quoting 15 Moore's Federal Practice § 102.74 at 142 (3d ed. 2000)). In other words, assuming *arguendo* that plaintiff is domiciled in New York, her "New York domicile does not affect this Court's subject matter jurisdiction" if plaintiff is, as she claims, a citizen of Trinidad and Tobago and not a U.S. citizen or "lawfully admitted permanent resident alien." *Mejia*, 485 F. Supp. 2d at 367; *see Chan v. Mui*, No. 92-CV-8258 (MBM), 1993 WL 427114, at *1 (S.D.N.Y. Oct. 20, 1993) (defendant's argument that "plaintiff is a resident of Oklahoma" for purposes of determining diversity jurisdiction "because [plaintiff] lives there and has applied . . . for permanent resident status" is "contrary to the plain language of the statute and is inconsistent with the vast majority of decisions interpreting § 1332"); *Breedlove v. Nicolet*, 32 U.S. (7 Pet.) 413, 431–32 (1833) (Marshall, C.J.) ("If originally aliens, they did not cease to be so, nor lose their right to sue in the federal court, by a residence in Louisiana. Neither the constitution nor acts of congress require that aliens should reside abroad, to entitle them to sue in the courts of the United States."). Accordingly, contrary to defendants' arguments, plaintiff's supposed domicile does not deprive this Court of jurisdiction.

## CONCLUSION

The amended complaint is accepted for filing, and defendants' motion to dismiss is denied.

SO ORDERED.

                                            */s/ Rachel Kovner*
                                            RACHEL P. KOVNER
                                            United States District Judge

Dated: August 21, 2024
       Brooklyn, New York